## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>                        **Plaintiff,**<br><br>      **v.**<br><br>ANTHONY MARSICO, ARTHUR P. PIZZELLO, JR., ROBERT QUATTROCCHI, AND TIMOTHY CAREY,<br><br>                        **Defendants.** | Case No.: 1:25-cv-00553<br><br><br><br>Honorable Edmond E. Chang |

### PLAINTIFF U.S. SECURITIES AND EXCHANGE COMMISSION'S AGREED MOTION FOR ENTRY OF FINAL JUDGMENTS AS TO DEFENDANTS ARTHUR P. PIZZELLO, JR. AND ROBERT QUATTROCCHI

Plaintiff U.S. Securities and Exchange Commission ("SEC") hereby moves for the entry of agreed Final Judgments as to Defendants Arthur P. Pizzello, Jr. ("Pizzello") and Robert Quattrocchi ("Quattrocchi"). The SEC and these Defendants have reached a settlement of this matter, and these Defendants have consented to the entry of Final Judgments. In support of its motion, the SEC attaches the agreed, proposed Final Judgments as **Exhibit 1** (for Pizzello) and **Exhibit 2** (for Quattrocchi) hereto (together the "Final Judgments"), attaches the corresponding consents to the entry of these Final Judgments as **Exhibit 3** (for Pizzello) and **Exhibit 4** (for Quattrocchi) hereto, and states:

1.      On January 16, 2025, the SEC filed its Complaint against Pizzello, Quattrocchi, and other defendants alleging, *inter alia*, that Pizzello and Quattrocchi each engaged in insider

trading in violation of Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act") [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5].

2.      On January 17, 2025, the Court entered partial Judgments against Quattrocchi and Pizzello which contain conduct-based injunctions permanently enjoining them from violations of each of the provisions of the federal securities laws at issue in the Complaint.  (ECF Nos. 9 - 10). The partial Judgments further provided that the monetary relief sought by the SEC – in the form of disgorgement, prejudgment interest, and civil penalties – would be determined later by way of a motion.  *Id.*  For the purpose of that determination, Pizzello and Quattrocchi agreed not to challenge the allegations in the Complaint.  *Id.*

3.      The SEC now seeks, with Pizzello's and Quattrocchi's agreement, the imposition of specific amounts for disgorgement, prejudgment interest, and civil penalties.  Attached hereto as **Exhibit 1** and **Exhibit 2** are the proposed Final Judgments to which Defendants have agreed and include consents to entry of the Final Judgments.  Attached hereto as **Exhibit 3** and **Exhibit 4** are the executed Consents of these Defendants, which set forth the terms of their settlements with the SEC.

4.      Approval of a settlement in an SEC enforcement case is appropriate where it is "fair and reasonable, with the additional requirement that the public interest would not be disserved, in the event that the consent decree includes injunctive relief."  *SEC v. Citigroup Global Markets, Inc.,* 752 F.3d 285, 294 (2d Cir. 2014).

5.      Given the allegations in the Complaint, which Pizzello and Quattrocchi agreed not to challenge (ECF Nos. 9 - 10), the relief set forth in the Final Judgments is a fair and reasonable resolution of this matter and the permanent conduct-based injunction will serve the public interest.

6.     The facts alleged in the SEC's Complaint, which Pizzello and Quattrocchi have deemed true for present purposes (ECF Nos. 9 - 10), detail their violations of Section 10(b) of the Exchange Act [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5], including their unlawful insider trading in the stock of Goodness Growth Holdings, Inc. in advance of a February 1, 2022 announcement by Verano Holdings Corporation that it was acquiring Goodness Growth in an all-stock transaction valued at approximately $413 million.

7.     Concerning disgorgement, the SEC has identified a total of $124,456 for Pizzello and $28,136 for Quattrocchi, representing their respective ill-gotten gains from their insider trading, together with $26,933 for Pizzello and $6,002 for Quattrocchi in prejudgment interest. *See* 15 U.S.C § 78u(d)(5) and (d)(7); *SEC v. First Jersey Sec., Inc*., 101 F.3d 1450, 1474 (2d Cir. 1996) (courts typically have "broad discretion" in determining disgorgement, which serves to make securities law violations unprofitable); *SEC v. Berrettini*, 218 F. Supp. 3d 754, 761 (N.D. Ill. 2016) (The disgorgement award should also include "all gains flowing from the illegal conduct, including prejudgment interest, to ensure that the wrongdoer does not make any illicit profits.")

8.     Further, the SEC seeks to impose against Quattrocchi and Pizzello each a civil penalty equal to the ill-gotten gains they obtained through their unlawful purchases of Goodness Growth stock in the amount of $124,456 for Pizzello and $28,136 for Quattrocchi pursuant to Section 21A of the Exchange Act. 15 U.S.C. § 78u-1(a)(2); *See SEC v. Williky*, 942 F.3d 389, 392 (7th Cir. 2019) (affirming penalties in insider trading cases up to three times the profit gained or loss avoided).

9.      This sum is an appropriate penalty given that Pizzello and Quattrocchi both acted with scienter and their violations, which included insider trading in Goodness Growth, were serious in nature.  *Id. (*setting forth factors considered for imposition of civil penalties).

10.     Entry of the Proposed Final Judgments will conserve judicial resources, streamline the issues in this litigation, and save the SEC, Pizzello, and Quattrocchi the time and expense of continued litigation on the issue of liability.  Further, in the Consents, Pizzello and Quattrocchi agree that the SEC "may present the [Proposed] Judgment to the Court for signature and entry without further notice." (Ex. 1, ¶ 15; Ex. 2, ¶ 15).

**WHEREFORE**, the SEC respectfully requests that this Court grant this Motion and enter the proposed Final Judgments against Defendants Pizzello and Quattrocchi attached hereto.

Dated: September 9, 2025                    Respectfully submitted,

By: */s/ Ashley Dalmau Holmes*
UNITED STATES SECURITIES
AND EXCHANGE COMMISSION
Ashley E. Dalmau Holmes (DalmauHolmesA@sec.gov)
Timothy Leiman (LeimanT@sec.gov)
Richard G. Stoltz (StoltzR@sec.gov)
175 W. Jackson Blvd., Suite 1450
Chicago, Illinois 60604
Phone:          (312) 353-3790
Facsimile:      (312) 353-7398

## CERTIFICATE OF CONFERENCE

I certify that I conferred with counsel for Defendants Pizzello and Quattrocchi on September 9, 2025, and counsel for Defendants Pizzello and Quattrocchi are unopposed to the relief sought in this Motion.

By: */s/ Ashley Dalmau Holmes*
Ashley Dalmau Holmes

4